# 23-184

IN THE

# United States Court of Appeals
# for the Second Circuit

LOUIS OBERLANDER, on behalf of himself and all others similarly situated,
CHRISTOPHER UNDERWOOD, on behalf of himself and all other similarly
situated, and HENRY RODRIGUEZ,

*Plaintiffs-Appellants*,

ZENEYDA PATIN, on behalf of themselves and all others similarly situated,

*Plaintiff,*

—v.—

COINBASE GLOBAL, INC., COINBASE, INC., BRIAN ARMSTRONG,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR *AMICI CURIAE* CIVIL PROCEDURE
## SCHOLARS IN SUPPORT OF PLAINTIFFS-APPELLANTS

Andrew Miller
Daniel Markovits
Nathan Brown*
Adam Flaherty*
Noah Hoffman*
Arun Sharma*
Private Law Clinic
Yale Law School
127 Wall Street
New Haven, Connecticut 06511
(203) 432-4992

*Attorneys for Amici Curiae*          **Motion for law student appearance pending*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................. iv

INTEREST OF AMICI CURIAE .......................................................... 1

INTRODUCTION AND SUMMARY OF ARGUMENT ..................................... 2

ARGUMENT................................................................................. 4

I.  WHEN DECIDING A 12(b)(6) MOTION TO DISMISS, TRIAL COURTS
SHOULD ACCEPT THE ALLEGATIONS IN THE OPERATIVE
COMPLAINT AS TRUE WITHOUT CONSIDERING PRIOR
INCONSISTENT PLEADINGS. ........................................................ 4

A.  This Court has established a general rule that an amended complaint
supersedes a prior complaint and renders it of no legal effect. ........................ 5

B.  Some district courts in this Circuit consider superseded complaints at the
12(b)(6) stage, but they do so without proper authority.................................. 8

C.  Barring trial courts from considering prior inconsistent pleadings is
consistent with the approach of most Courts of Appeals. ...............................10

II.  COURTS ARE EQUIPPED WITH OTHER TOOLS BETTER SUITED TO
HANDLE INCONSISTENT PLEADINGS. ....................................................14

i

A.   A court may properly consider admissible contradictory allegations as part of the evidentiary record, but not at the 12(b)(6) stage. .................................. 14

B.   A court may deny leave to amend under Rule 15 for proposed amendments not filed as of right. ................................................... 17

C.   A court can sanction parties using Rule 11 in response to frivolous or meritless claims. ............................................. 18

III.  THE USE OF SUPERSEDED COMPLAINTS PREJUDICES PLAINTIFFS AND IS ESPECIALLY INAPPROPRIATE IN THE CLASS ACTION AND PSLRA CONTEXT. ....................................................... 20

A.   Crediting superseded complaints creates a race to the courthouse that undermines the PSLRA and the efficient management of class actions more broadly. ..................................................... 21

B.   Crediting superseded complaints burdens plaintiffs by binding them to positions developed early in a case. .............................. 25

IV.  THE DECISION TO DISMISS CANNOT BE DISENTANGLED FROM THE DISTRICT COURT'S IMPERMISSIBLE CONSIDERATION OF THE SUPERSEDED COMPLAINT. ..................................................... 26

A.   The trial court states in the opinion that the operative complaint's allegations would assist plaintiffs in pleading a claim, if credited. .................. 26

B.   The District Court's discussion of the "User Agreement" cannot salvage its reasoning.................................................................................27

CONCLUSION ..............................................................................30

CERTIFICATE OF COMPLIANCE.................................................31

# TABLE OF AUTHORITIES

## Cases

*Abraham v. Leigh*, No. 17-CV-5429 (KPF), 2018 WL 3639930 (S.D.N.Y. June 27,
2018) ..................................................................................................9, 10

*Andrews v. Metro N. Commuter R. Co.*, 882 F.2d 705 (2d Cir. 1989) ..............9, 15

*Austin v. Ford Models, Inc., 149 F.3d 148 (2d Cir. 1998)*.....................................17

*Barris v. Hamilton*, No. 96 CIV. 9541 (DAB), 1999 WL 311813 (S.D.N.Y. May
17, 1999)....................................................................................................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................... 4

*Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850 (Fed. Cir. 1991)............13

*Biro v. Conde Nast*, 807 F.3d 541 (2d Cir. 2015) ................................................... 4

*Bradley v. Chiron Corp.*, 136 F.3d 1317 (Fed. Cir. 1998) ....................................13

*Chambers v. Time Warner, Inc*., 282 F.3d 147 (2d Cir. 2002)...............................28

*Clay v. Howard Univ.*, 128 F. Supp. 3d 22 (D.D.C. 2015) .............................13, 14

*Colliton v. Cravath, Swaine & Moore LLP*, No. 08 CIV 0400 (NRB), 2008 WL
4386764 (S.D.N.Y. Sept. 24, 2008) ................................................................. 8

*CopyWatch, Inc. v. Am. Nat'l Red Cross*, 299 F. Supp. 3d 189 (D.D.C. 2018) ......14

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104 (2d Cir. 2010) ............................ 4

*Dozier v. Deutsche Bank Tr. Co. Americas*, No. 09 CIV. 9865 LMM, 2011 WL
4058100 (S.D.N.Y. Sept. 1, 2011) ................................................................. 9

*Fawzy v. Wauquiez Boats SNC,* 873 F.3d 451 (4th Cir. 2017)..............................11

*Foman v. Davis*, 371 U.S. 178 (1962) ...................................................................17

*Fonte v. Bd. of Managers of Continental Towers Condominium*, 848 F.2d 24 (2d

    Cir. 1988) ...........................................................................................................15

*Goldman v. Belden*, 754 F.2d 1059 (2d Cir. 1985) ................................................16

*Harasz v. Katz*, 239 F. Supp. 3d 461 (D. Conn. 2017)...........................................16

*Hom v. Vale, S.A.*, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016)...........................21

*Hourani v. Mirtchev*, 943 F. Supp. 2d 159 (D.D.C. 2013) ....................................18

*In re Atlas Van Lines, Inc.*, 209 F.3d 1064 (8th Cir. 2000) ...................................11

*In re PXRE Grp., Ltd., Sec. Litig.,* 600 F. Supp. 2d 510, 525 (S.D.N.Y.) ..............10

*Int'l Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir. 1977) ................................... 5

*Intellivision v. Microsoft Corp.*, 484 F. App'x 616 (2d Cir. 2012)........................16

*InterGen N.V. v. Grina*, 344 F.3d 134 (1st Cir. 2003) ..........................................11

*Ithaca Cap. Invs. I S.A. v. Trump Panama Hotel Mgmt. LLC*, 450 F. Supp. 3d 358

    (S.D.N.Y. 2020)................................................................................................16

*Kant v. Columbia Univ.*, No. 08 CIV. 7476 (PGG), 2010 WL 807442 (S.D.N.Y.

    Mar. 9, 2010) ....................................................................................................17

*Kelley v. Crosfield Catalysts*, 135 F.3d 1202 (7th Cir. 1998) ...............................11

*King v. Dogan*, 31 F.3d 344 (5th Cir. 1994)..........................................................11

*Kopec v. Coughlin*, 922 F.2d 152 (2d Cir. 1991)...................................................16

v

*Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc*., 32 F.2d 195 (2d Cir. 1929) ....................................................................................................15

*Laza v. Reish*, 84 F.3d 578, 581 (2d Cir. 1996) ....................................................... 5

*Lubin v. Chicago Title & Trust Co.*, 260 F.2d 411 (7th Cir. 1958) ........................11

*Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243 (2d Cir. 2002) .....................2, 5

*Medidata Sols., Inc. v. Veeva Sys. Inc.*, 748 F. App'x 363 (2d Cir. 2018) .............. 6

*Miller v. Glanz*, 948 F.2d 1562 (10th Cir. 1991) ....................................................11

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) ....................................................23

*PAE Gov't Servs., Inc. v. MPRI, Inc.,* 514 F.3d 856, 858 (9th Cir. 2007) ..12, 13, 16

*Palm Beach Strategic Income, LP v. Salzman*, No. 10-CV-261, 2011 WL 1655575 (E.D.N.Y. May 2, 2011) .............................................................................7, 8, 9

*Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299 (6th Cir. 2000) ............11

*Phillips v. City of Middletown*, No. 17-CV-5307 (CS), 2018 WL 4572971 (S.D.N.Y. Sept. 24, 2018) ............................................................................6, 17

*Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241 (11th Cir. 2007) .............11

*Rhodes v. Robinson*, 621 F.3d 1002 (9th Cir. 2010) ...............................................11

*Roman v. City of Mount Vernon*, No. 21-CV-2214 (KMK), 2022 WL 2819459 (S.D.N.Y. July 19, 2022) ............................................................................... 7

*Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008) ....................................17

*See In re Pennie & Edmonds LLP*, 323 F.3d 86 (2d Cir. 2003) .............................18

vi

*Simmonds v. I.N.S.*, 326 F.3d 351 (2d Cir. 2003) .................................................25

*Slayton v. Am. Exp. Co.*, 460 F.3d 215 (2d Cir. 2006)............................................ 7

*Sulton v. Wright,* 265 F. Supp. 2d 292, 298 (S.D.N.Y. 2003) ................................. 9

*The Limited, Inc. v. McCrory Corp.*, 683 F. Supp. 387 (S.D.N.Y. 1988)...2, 5, 6, 15

*Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23 (2d Cir. 2002).................... 7

*Tripathy v. McClowski*, No. 21-3094, 2022 WL 2069228 (2d Cir. June 9, 2022) 5, 6

*United States ex rel. Foreman v. AECOM*, 19 F.4th 85 (2d Cir. 2021) .................. 4

*United States v. GAF Corp.*, 928 F.2d 1253 (2d Cir. 1991) ...................................15

*United States v. McKeon*, 738 F.2d 26 (2d Cir.1984) ............................. 2, 5, 10, 15

*Wallace v. New York City Dep't of Corr.*, No. 95 Civ. 4404, 1996 WL 586797

   (E.D.N.Y. Oct. 9, 1996) ....................................................................... 8

*West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d

   165 (3d Cir. 2013)........................................................................11, 12

*Wheeler v. Slanovec*, No. 16-CV-9065 (KMK), 2019 WL 2994193 (S.D.N.Y. July

   9, 2019)...............................................................................................8, 27

*Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15-CV-4546, 2016 WL

   3963113 (S.D.N.Y. July 20, 2016)...................................................... 7

*Zitz v. Pereira*, 119 F. Supp. 2d 133, 141 (E.D.N.Y. 1999)...................................15

## Other Authorities

Fed. R. Civ. P. 11.......................................................................................24, 25, 26

Fed. R. Civ. P. 15................................................................................23

Fed. R. Civ. P. 56................................................................................21

S. REP. 104-98 (1995) .........................................................................29

# INTEREST OF AMICI CURIAE[1]

*Amici*, listed in Appendix A, are scholars of civil procedure with a professional interest in the proper application of the Federal Rules of Civil Procedure. Among other issues raised on appeal, this case considers whether superseded pleadings may be considered at the motion-to-dismiss stage. It is a basic principle of civil procedure that a court should not consider superseded pleadings when ruling on a Rule 12(b)(6) motion to dismiss. However, district courts in this Circuit have, on occasion, disregarded this principle, as the court below did here. As a result, plaintiffs are being held to the terms of initial complaints even after their understanding and theory of the case has evolved—or after they have recognized past mistakes. This practice threatens to impede just outcomes and undermine judicial economy, particularly in the class action and PSLRA contexts. Most other circuits have categorically proscribed courts from considering superseded allegations, and many district courts in the Second Circuit do follow the majority approach.

*Amici* submit this brief because this case offers an opportunity for this Court to clarify its answer to an apparently simple question: Can a plaintiff amend its

---

[1]*Amici* file this brief pursuant to Fed R. App. P. 29(a)(2), as all parties have consented. Other than *amici* and their counsel, no person or entity contributed money to fund the preparation or submission of the brief. No party or their counsel authored this brief in whole or in part. *See* Fed. R. App. P. 29(a)(4)(E).

complaint without being held to its prior pleadings at the 12(b)(6) stage? This Court should answer in the affirmative, with full awareness of the other procedural tools with which courts may deter improper pleading gamesmanship.

## INTRODUCTION AND SUMMARY OF ARGUMENT

A trial court's role when deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim is to determine the sufficiency of the pleadings in the operative complaint. In doing so, the court must accept the allegations in the operative complaint as true. It is a "cardinal rule of civil procedure" that an amended complaint supersedes the original complaint as the only operative pleading once the amended complaint is served. *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 260 (2d Cir. 2002). Prior inconsistent pleadings are "controvertible, not conclusive judicial admissions," unsuitable for consideration at the 12(b)(6) stage, where the finding of fact and the weighing of evidence is improper. *The Limited, Inc. v. McCrory Corp.*, 683 F. Supp. 387, 395 n.5 (S.D.N.Y. 1988) (citing *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir.1984)).

When a trial court nevertheless considers allegations in a superseded complaint that purportedly contradict those in the operative pleading, the court applies the wrong legal standard for the posture of the case, disregards the rule governing amended pleadings that this Court and a majority of others have adopted, undermines the purpose of Rule 15, and ignores an array of alternative

2

procedural devices. These devices include allowing the contradiction into evidence, imposing sanctions under Rule 11, or, where appropriate, denying leave to amend under Rule 15.

In this case, the District Court inappropriately credited the original complaint when ruling on the sufficiency of the amended complaint. The court granted the motion to dismiss, reasoning that "[t]he [original complaint]'s factual allegations directly contradict the [amended complaint]'s claim" and that "[t]he [original complaint]'s factual allegations […] conflict with those in the [amended complaint]." SPA-13.[2] Because the District Court inappropriately granted dismissal on the basis of the purported contradiction between the original complaint and the amended complaint, *Id.* at *6, *14, this Court should reverse.

Finally, the legal and factual circumstances of this case highlight the harms and adverse incentives that flow from a district court's reliance on superseded pleadings. In a class action, crediting prior inconsistent pleadings prejudices parties who join after the original complaint is filed. In a securities class action, crediting prior inconsistent pleadings also undermines the purpose of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C § 78u-4 *et seq.*, by

---

[2] Where possible, citations to the record below are to the Special Appendix (SPA) or Joint Appendix (A). Otherwise, such citations refer to the ECF number on the district court's docket.

3

incentivizing a race to the courthouse. This Court should accordingly clarify that superseded pleadings cannot be considered at the 12(b)(6) stage.

## **ARGUMENT**

I. WHEN DECIDING A 12(b)(6) MOTION TO DISMISS, TRIAL COURTS SHOULD ACCEPT THE ALLEGATIONS IN THE OPERATIVE COMPLAINT AS TRUE WITHOUT CONSIDERING PRIOR INCONSISTENT PLEADINGS.

The trial court should not have considered the superseded complaint on a motion to dismiss the amended complaint. A court's charge when deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim is only to determine the sufficiency of the operative pleading. If the court determines that the operative complaint contains "enough facts to state a claim to relief that is plausible on its face," the court should deny the defendant's motion. *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To determine whether a plaintiff's claim to relief is plausible, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)). The court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor." *Biro*, 807 F.3d at 544. As "controvertible, not

4

conclusive" admissions, prior inconsistent pleadings are not an appropriate basis for dismissal on the merits. *The Limited, Inc.*, 683 F. Supp. at 395 n.5 (citing *McKeon*, 738 F.2d at 31). When a court considers superseded pleadings at the 12(b)(6) stage, it erroneously applies a more stringent legal standard than this posture permits.

> A. This Court has established a general rule that an amended complaint supersedes a prior complaint and renders it of no legal effect.

The general rule in this circuit is that an amended complaint is the only operative pleading. As this Court has explained, "[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).[3] This Court has never departed from this ordinary rule once the amended complaint has been served. "Once an amended pleading is interposed, the original pleading no longer performs any function in the case." *Laza v. Reish*, 84 F.3d 578, 581 (2d Cir. 1996) (quoting C. Wright & A. Miller, Federal Practice and Procedure § 1476 (3d ed.)). Under this "cardinal rule of civil procedure," an amended complaint makes it "as though the original complaint was never served." *Lucente*, 310 F.3d at 260 (citing *In re Crysen/Montenay Energy Co.*, 226 F.3d at 162). This Court has

---

[3] The "ordinarily" qualifier merely clarifies that an amended complaint does not become operative—triggering this general rule—until it is properly served. *Id.* at 669. There is no dispute about proper service in this case.

accordingly held, for example, that an amended complaint moots a pending appeal that would require the court to consider facts in the original complaint. *Medidata Sols., Inc. v. Veeva Sys. Inc.*, 748 F. App'x 363, 365 (2d Cir. 2018); *Tripathy*, 2022 WL 2069228, at *2.

This rule accords with the purpose of Rule 15. In contrast, permitting trial courts to consider multiple pleadings at the motion-to-dismiss stage, and to punish plaintiffs for putative contradictions, would discourage amendments and thereby subvert the purpose of the Rule. Under Rule 15, "[n]o longer is a party to be irrevocably bound to the legal or factual theory of the party's first pleading . . . . [T]he strong policy against variances between pleading and proof that existed at common law and to a lesser degree under the codes has been rejected." 6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 1471 (3d ed.) .

Several district courts in this circuit have correctly understood that courts at the 12(b)(6) stage should consider only the information contained in the amended, operative complaint, notwithstanding putative contradictions with the superseded complaint. *See, e.g.*, *Phillips v. City of Middletown*, No. 17-CV-5307 (CS), 2018 WL 4572971, at *4 (S.D.N.Y. Sept. 24, 2018) (refusing to consider information at the 12(b)(6) stage that was included in the original, superseded complaint but not the amended complaint); *The Limited, Inc.*, 683 F. Supp. at 395 n.5 ("[Defendant] urges dismissal of those portions of the amended complaint that conflict with the

original complaint. Dismissal on this ground is unwarranted."); *Barris v. Hamilton*, No. 96 CIV. 9541 (DAB), 1999 WL 311813, at *2 (S.D.N.Y. May 17, 1999) (relying only on the amended pleading at the 12(b)(6) stage while noting later factfinder could take note of the contradictions with the earlier, superseded complaint); *Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15-CV-4546, 2016 WL 3963113, at *3 (S.D.N.Y. July 20, 2016) (citing *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 32 (2d Cir. 2002), *overruled on other grounds by Slayton v. Am. Express. Co.*, 460 F.3d 215 (2d Cir. 2006)) ("[A]ny contradictions with prior pleadings can be used only in attacking a witness's credibility.").

As these courts have explained, "[a]t the motion to dismiss stage the truthfulness of the allegations is assumed, and any attempt to use [the] [p]laintiff's prior pleadings against her as an admission is premature." *Xie*, 2016 WL 3963113 at *3. This is because "a prior inconsistent pleading should not trump the court's obligation under Rule 12(b)(6) to accept a complaint's allegations as true." *Roman v. City of Mount Vernon*, No. 21-CV-2214 (KMK), 2022 WL 2819459, at *6 (S.D.N.Y. July 19, 2022) (quoting *Palm Beach Strategic Income, LP v. Salzman*, No. 10-CV-261, 2011 WL 1655575, at *5 (E.D.N.Y. May 2, 2011)).

The approach taken by these courts is the correct one, both as a matter of Second Circuit precedent and in their interpretation of the Federal Rules. As

discussed below, however, some courts in this Circuit have taken an alternative position, suggesting that clarification from this Court may be needed.

> B. Some district courts in this Circuit consider superseded complaints at the 12(b)(6) stage, but they do so without proper authority.

Notwithstanding the authority above, some district courts in this Circuit, including the court below, have contended that they may consider prior, superseded pleadings at the 12(b)(6) stage and penalize plaintiffs for contradictions between different versions of the complaint. This alternative position lacks support in this Court's precedent.

Despite the clear rule that an amended complaint is the only operative pleading, some courts in this Circuit have credited prior inconsistent pleadings at the motion-to-dismiss stage. *See, e.g.*, *Palm Beach Strategic Income, LP*, 2011 WL 1655575, at *5 (collecting cases) ("[A] district court has no obligation to accept as true an amended complaint's allegations, if they directly contradict the facts set forth in his original complaint."); *Wheeler v. Slanovec*, No. 16-CV-9065 (KMK), 2019 WL 2994193, at *6 (S.D.N.Y. July 9, 2019) (similar); *Colliton v. Cravath, Swaine & Moore LLP*, No. 08 CIV 0400 (NRB), 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008) (quoting *Wallace v. New York City Dep't of Corr.*, No. 95 Civ. 4404, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996) ("Where a 'plaintiff blatantly changes his statement of the facts in order to respond to the defendant[*'s*] motion to dismiss … [and] directly contradicts the facts set forth in his original

8

complaint, a court' is authorized 'to accept the facts described in the original complaint as true.'"); *Wallace*, 1996 WL 586797 at *2 (same). The trial court in this case did just that. SPA-16 ("[T]he [c]ourt need not, and does not, accept the [amended complaint's] contrary allegations, which unavoidably emerge as strategically added to elude the facts pled in the [original] [c]omplaint.").

There is scant authority supporting these district courts. Most such courts have relied primarily on other district court opinions from this Circuit. *See, e.g.*, *Abraham v. Leigh*, No. 17-CV-5429 (KPF), 2018 WL 3639930, at *4 (S.D.N.Y. June 27, 2018); *Wheeler*, 2019 WL 2994193 at *6; *Palm Beach Strategic Income, LP,* 2011 WL 1655575*, at *5*; *Dozier v. Deutsche Bank Tr. Co. Americas*, No. 09 CIV. 9865 LMM, 2011 WL 4058100, at *2 (S.D.N.Y. Sept. 1, 2011).

To the extent that they cite this Court's opinions, district courts that have considered superseded complaints at the motion-to-dismiss stage (including the court below) have cited inapposite cases regarding wholly different procedural postures. One such district court, for instance, cited *Andrews v. Metro N. Commuter R. Co.*, 882 F.2d 705, 707 (2d Cir. 1989), a case affirming the admissibility *at trial* of prior complaints. *Sulton v. Wright,* 265 F. Supp. 2d 292, 298 (S.D.N.Y. 2003), *abrogated on other grounds* by *Richardson v. Goord*, 347 F.3d 431 (2d Cir. 2003)*.* A later district court recognized *Sulton's* error for what it was and refused to adopt the case's reasoning. *In re PXRE Grp., Ltd., Sec. Litig.,*

9

600 F. Supp. 2d 510, 525 (S.D.N.Y. 2009), *aff'd sub nom. Condra v. PXRE Grp. Ltd.*, 357 F. App'x 393 (2d Cir. 2009) ("*Sulton* failed to explain" why a decision about admissibility at trial bound plaintiffs to their prior pleadings at the motion-to-dismiss stage). By citing the inapposite *Andrews* opinion in support of its approach, the District Court here repeated this same error. SPA-12.

Similarly, some courts (including the court below) have cited *United States v. McKeon*, 738 F.2d 26 (2d Cir. 1984), which states that "[a] party […] cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the *trier of fact* will never learn of the change in stories." 738 F.2d at 31 (emphasis added). *See Abraham*, 2018 WL 3639930 at *3-*4. But this language does not support crediting superseded complaints at the motion-to-dismiss stage, as the court below incorrectly suggested. SPA-12. Although a "trier of fact" may eventually consider the evidentiary value of a "change in stories" at the fact-finding stage, *see infra* Section II.A, district courts are not triers of fact when ruling on a 12(b)(6) motion. For that reason, they lack the authority to credit superseded pleadings at the motion-to-dismiss stage.

      C.  Barring trial courts from considering prior inconsistent pleadings is consistent with the approach of most Courts of Appeals.

Barring trial courts from crediting prior inconsistent pleadings at the motion-to-dismiss stage is consistent with how most circuits treat amended and superseded

complaints. The First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits all treat superseded complaints as being without any legal effect. *See, e.g.*, *InterGen N.V. v. Grina*, 344 F.3d 134, 145 (1st Cir. 2003); *West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 172-73 (3d Cir. 2013); *Fawzy v. Wauquiez Boats SNC,* 873 F.3d 451, 455 (4th Cir. 2017); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000); *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204-05 (7th Cir. 1998); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000); *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007).

Nearly every circuit that has spoken directly to the question of whether plaintiffs should be bound by allegations in their initial, superseded complaints has answered "no." As the Seventh Circuit has explained, "[i]t is hornbook law that an amended complaint complete in itself and making no reference to nor adopting any portion of a prior complaint renders the latter functus officio." *Lubin v. Chicago Title & Trust Co.*, 260 F.2d 411, 413 (7th Cir. 1958). "If certain facts or admissions from the original complaint become functus officio, they cannot be considered by the court on a motion to dismiss the amended complaint." *Kelley*, 135 F.3d at 1204-05. The Third Circuit has articulated several reasons why subsequent

11

pleadings might conflict. "Plaintiffs routinely amend complaints to correct factual inadequacies in response to a motion to dismiss, . . . even [] when the proposed amendment flatly contradicts the initial allegation." *West Run Student Housing Associates, LLC*, 712 F.3d at 172. "[A]t the motion to dismiss stage, when the district court typically may not look outside the four corners of the amended complaint, the plaintiff cannot be bound by allegations in the superseded complaint." *Id*. at 173. *Cf. Grina*, 344 F.3d at 145 (1st Cir. 2003) ("An amended complaint supersedes the original complaint, and facts that are neither repeated nor otherwise incorporated into the amended complaint no longer bind the pleader.").

The Ninth Circuit, similarly, disapproved a district court's decision to disregard allegations in an amended complaint because they contradicted earlier, superseded allegations. *PAE Gov't Servs., Inc. v. MPRI, Inc.,* 514 F.3d 856, 858 (9th Cir. 2007). As the court explained:

> "[There] is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations. Unless there is a showing that the party acted in bad faith—a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11— inconsistent allegations are simply not a basis for striking the pleading.

*Id.* As here, the district court had "no free-standing authority to strike pleadings simply because it believes that a party has taken inconsistent positions in the litigation." *Id.* Also as in this case, the prior inconsistent pleadings might have a proper role in *further* proceedings, but not in the court's 12(b)(6) analysis. *Id.* n.2.

Although the case law in the Federal and D.C. Circuits is arguably more unsettled, neither court has endorsed the District Court's approach in this case under its own circuit law. Purporting to apply Ninth Circuit procedural law,[4] the Federal Circuit approved a district court's decision to strike and disregard "false and sham" allegations that contradicted those in a superseded complaint. *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1326 (Fed. Cir. 1998). But the Federal Circuit has not approved a maneuver like this when applying its own procedural law. Moreover, the Ninth Circuit repudiated *Bradley* explicitly in *PAE Gov't Servs.*, finding that its "false and sham" language derived from an outdated and revised version of Rule 11,. and that the opinion's other cited Ninth Circuit case was inapposite. 514 F.3d 856 at 859, 859 n.4 ("Ironically, *Bradley* purported to rely on two of our cases.").

While the D.C. Circuit has not spoken directly to this question, some of its district courts, too, have relied on *Bradley*'s outdated "false and sham" language. *See, e.g., Clay v. Howard Univ.*, 128 F. Supp. 3d 22, 26-27 (D.D.C. 2015) (citing *Bradley*); *CopyWatch, Inc. v. Am. Nat'l Red Cross*, 299 F. Supp. 3d 189, 197

---

[4] When the Federal Circuit reviews procedural questions involving an interpretation of the Federal Rules of Civil Procedure, it applies the law of the circuit from whose district the case is appealed (in this case, N.D.Cal.). *See Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 857-58 (Fed. Cir. 1991).

(D.D.C. 2018) (citing *Clay*, 128 F. Supp. 3d. at 27, but declining to strike supposedly contradictory allegations).

Despite these discredited outliers, almost all circuit courts to consider the question agree that a district court should not penalize plaintiffs for prior inconsistent allegations at the 12(b)(6) stage. This Court should clarify that trial courts must consider only the operative complaint, thereby aligning with the majority approach.

## II. COURTS ARE EQUIPPED WITH OTHER TOOLS BETTER SUITED TO HANDLE INCONSISTENT PLEADINGS.

Courts concerned about pleading gamesmanship have other options when faced with contradictory allegations. They can retain contradictory pleadings as part of the evidentiary record, deny leave to amend, and issue Rule 11 sanctions to deter and punish unreasonable or frivolous contradictory pleadings. These alternatives have a sounder basis in the law and furnish parties with more robust procedural protections.

### A. A court may properly consider admissible contradictory allegations as part of the evidentiary record, but not at the 12(b)(6) stage.

A court that abstains from evaluating superseded pleadings in ruling on a motion to dismiss, as it should, will nevertheless be able to later consider admissible inconsistencies as part of the evidentiary record at the fact-finding stage. *McKeon*, 738 F.2d at 31. Where a case reaches trial, inconsistent allegations

14

can (and in some cases ought to) serve as evidence for the jury to consider. *Andrews v. Metro N. Commuter R. Co.*, 882 F.2d 705, 707 (2d Cir. 1989). "The prior pleading may also be used to impeach the credibility of the plaintiff." *Zitz v. Pereira*, 119 F. Supp. 2d 133, 141 (E.D.N.Y. 1999).

But importantly, "[w]hen a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission," meaning the facts in question cannot be established *without* evidentiary development and fact-finding. *United States v. GAF Corp.*, 928 F.2d 1253, 1259 (2d Cir. 1991) (quoting *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.*, 32 F.2d 195, 198 (2d Cir. 1929)). *See also The Limited, Inc.,* 683 F. Supp. at 395 n.5 ("Prior inconsistent pleadings, though admissible against plaintiff … are controvertible, not conclusive, admissions."). And a court cannot, of course, evaluate evidence or act as a fact-finder at the 12(b)(6) stage.

For these reasons, under Rule 12(d), a district court faced with material outside the operative pleadings at the motion-to-dismiss stage only has two options: it must either exclude such material from its analysis or convert the motion into one for summary judgment under Rule 56, along with its attendant procedural protections. *Fonte v. Bd. of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir. 1988). Where only some claims require consideration of material outside the pleadings, a court can also convert a 12(b)(6)

motion into one for partial summary judgment. *See, e.g., Harasz v. Katz*, 239 F. Supp. 3d 461, 506 (D. Conn. 2017).

If a court exercises this Rule 56 option, it must provide the plaintiff notice and opportunity to submit affidavits and other materials permissible under that rule. *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985); *see also* Fed. R. Civ. P. 56(d)(2) (allowing nonmovant the opportunity to take discovery). A court that considers exhibits not incorporated by the operative complaint at the motion-to-dismiss stage must give the plaintiff a chance to controvert those submissions under Rule 56. *Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir. 1991). Failure to either exclude submissions outside the pleadings or convert the motion to one for summary judgment constitutes a reversible error. *Id.* at 156. Thus, a court may accept a contradicted allegation in a superseded complaint as an undisputed fact, but only after following the procedural steps outlined above.[5]

---

[5] Once a court accepts a position taken by a party, the equitable doctrine of judicial estoppel can sometimes be applied to estop that party from adopting a contrary position. *See Intellivision v. Microsoft Corp.*, 484 F. App'x 616, 619 (2d Cir. 2012). But if the court, as here, never adopted the party's prior position (*e.g.,* in denying a motion to dismiss), the doctrine does not apply. *See, e.g., Ithaca Cap. Invs. I S.A. v. Trump Panama Hotel Mgmt. LLC*, 450 F. Supp. 3d 358, 375 (S.D.N.Y. 2020). Moreover, "the requirements for judicial estoppel are strict*.*" *PAE Gov't Servs.,* 514 F.3d at 859 n.2.

B.  A court may deny leave to amend under Rule 15 for proposed
     amendments not filed as of right.

A district court need not grant plaintiffs leave to amend contradictory

allegations once they have already amended as of right. While courts should

"freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), they have

discretion to deny leave on a number of grounds, including undue delay, bad faith,

dilatory motive, futility, or undue prejudice to the opposing party. *Ruotolo v. City

of New York*, 514 F.3d 184, 191 (2d Cir. 2008), citing *Foman v. Davis*, 371 U.S.

178, 182 (1962). A proposed amended complaint with contradictory allegations

may therefore be properly denied if one of these grounds is satisfied, *e.g.,* where a

proposed "amended complaint presents new facts and allegations so contradictory

to his earlier pleadings as to indicate bad faith." *Kant v. Columbia Univ.*, No. 08

CIV. 7476 (PGG), 2010 WL 807442, at *4 (S.D.N.Y. Mar. 9, 2010); *see also

Phillips*, 2018 WL 4572971 at *4. *Cf. Austin v. Ford Models, Inc.,* 149 F.3d 148,

155 (2d Cir. 1998), *abrogated on other grounds by Swierkiewicz v. Sorema N. A.,*

534 U.S. 506 (2002).

This procedural route has limits, however. Rule 15 would not empower a

court to strike a contradictory allegation from an amendment filed as of right.

Moreover, the PSLRA process for appointing a lead plaintiff presumes that a

newly-appointed plaintiff would have the opportunity to file an amended pleading

(as was ordered by the District Court here). A-435, A-437, A-438. *See infra*

17

Section III.A. For reasons discussed below, courts should also exercise special caution in denying leave to amend to plaintiffs that were not involved in the original complaint. More generally, plaintiffs should be permitted a reasonable opportunity to refine their legal theories and make use of newly-learned facts. *See infra* Section III.B.  But even if denial of leave was not an option in *this* case (given the already-ordered, already-filed complaint), we discuss this option to demonstrate yet another procedural route that would sometimes be appropriate for district courts concerned about contradictory pleadings.

      C. A court can sanction parties using Rule 11 in response to frivolous or meritless claims.

Courts may use Rule 11 to punish and deter contradictory amendments that are frivolous or lack evidentiary support. *See* Fed. R. Civ. P. 11(b). While Rule 11 could not be invoked for every contradictory pleading, sanctions would be appropriate where pleadings are found to be "objectively unreasonable." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003). *See also Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171-72 (D.D.C. 2013), *aff'd*, 796 F.3d 1 (D.C. Cir. 2015) (declining to apply Rule 11 sanctions despite a pattern of contradictory amendments because the court chose "not to impute bad faith on the part of the Plaintiffs"). A court facing contradictory pleadings could also assess if the original complaint was, in violation of Rule 11, not based on an inquiry reasonable under the circumstances. Fed. R. Civ. P. 11(c)(3).

18

Contradictory complaints can also arise from a wide range of *non*-abusive conduct by plaintiffs' attorneys. An investigation may yield new facts or provide support for new legal claims. This is especially so when facts relevant to the allegations in question lie outside the plaintiffs' possession. *Cf.* Fed. R. Civ. P. 11(b)(3) (providing "a reasonable opportunity for further investigation or discovery" to support factual contentions). Furthermore, just as a single complaint may plead mutually inconsistent legal theories in the alternative, an amended complaint may also include legal theories (*e.g.*, about the legal character of a contractual relationship) that differ from those in the original complaint. *Cf. PAE Gov't Servs.,* 514 F.3d at 859. None of the above would be grounds for sanctions.

But where abuses occur, Rule 11 provides a meaningful deterrent, either through monetary sanctions or, where appropriate, striking the offending document.[6] Fed. R. Civ. P. 11(c)(4); *Abdelhamid v. Altria Group, Inc.*, 515 F. Supp. 2d 384, 400 (S.D.N.Y. 2007). Rule 11 sanctions are especially powerful in the PSLRA context, as the statute mandates sanctions anytime a Rule 11 violation occurs. 15 U.S.C § 78u-4(c). But a Rule 11(c) sanction order must describe the

---

[6] *See also* Fed. R. Civ. P. 11(c), advisory committee's note to 1993 amendment ("The court has available a variety of possible sanctions…such as striking the offending paper").

19

conduct and explain its basis for the sanction, which must be appropriate to the proscribed conduct. *Id*.; Fed. R. Civ. P. 11(c)(6).

What courts may *not* do is impose what is effectively a sanction—crediting the superseded complaint and ordering dismissal on the basis of contradictions—without including either the necessary factual findings or analysis.

## III. THE USE OF SUPERSEDED COMPLAINTS PREJUDICES PLAINTIFFS AND IS ESPECIALLY INAPPROPRIATE IN THE CLASS ACTION AND PSLRA CONTEXT.

When district courts ignore the general rule that an amended complaint supersedes a prior complaint, they risk prejudicing plaintiffs and undermining judicial management of class actions. As this case exemplifies, such risks are especially acute in securities class actions.

Here, a first set of plaintiffs filed an initial complaint. A-11. (complaint filed by Christopher Underwood, Louis Oberlander, and Zeneyda Patin).  Then, the Court appointed a new plaintiff, Henry Rodriguez (represented by new attorneys), as a joint Lead Plaintiff along with two of the original three plaintiffs. A-426 (order appointing Christopher Underwood, Louis Oberlander, and Henry Rodriguez Lead Plaintiffs). In making its appointment, the District Court assessed whether the applicantts met the requirements of the PSLRA and Rule 23 *as a group*, answering in the affirmative. A-432-434.  The Lead Plaintiffs subsequently filed an amended complaint—the first complaint in which Rodriguez and his attorneys had any

participation—with a new theory of the case. A-781 (amended complaint, which, unlike the original complaint, alleges that buyers and sellers of digital tokens are not in privity with one another).

Disallowing amendments that articulate new facts or legal theories when a new plaintiff is added would create a race to the courthouse that undermines the purpose of the PSLRA, reward conflict rather than cooperation among plaintiffs' counsel, and increase the fact-finding burden on plaintiffs prior to discovery. Even outside the PSLRA context, the district court's approach would incentivize potential plaintiffs to file their own separate suits, multiplying costs for litigants and the court system.

> A. Crediting superseded complaints creates a race to the courthouse that undermines the PSLRA and the efficient management of class actions more broadly.

Congress introduced the PSLRA to curb abuses that result from a system that rewards the first plaintiff to reach the courthouse. *Hom v. Vale, S.A.*, 2016 WL 880201, at *5 (S.D.N.Y. Mar. 7, 2016) ("[I]n enacting the PSLRA, Congress sought to curb abuses such as 'the race to the courthouse to be the first to file the complaint,'" quoting S. REP. 104-98, at 10 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679, 689). The PSLRA requires courts to appoint a lead plaintiff precisely because the first plaintiff to file a complaint may not be the best representative of the class as a whole.

Binding later-arriving plaintiffs to the first filed complaint would undermine this protective feature of the PSLRA. By taking the initial complaint as a definitive account against which all other complaints must be measured, the trial court diminishes the importance of the lead plaintiff appointment process. A plaintiff later found to be deficient could introduce a complaint that undermines later-appointed lead plaintiffs.

Where a court appoints a group of lead plaintiffs—because the group *as a whole* meets the representativeness and other criteria of the PSLRA—the analysis should be the same, even if the appointed group includes one or more of the first-to-file plaintiffs. The District Court's approach would still impermissibly bind the later-arriving plaintiffs to whatever the first-to-file plaintiffs alleged on their own. This approach would deny at least some of the lead plaintiffs and their attorneys the chance to play the very leadership role for which they were appointed.

That is precisely what happened in this case. After Rodriguez joined the case, he and the other lead plaintiffs filed their amended complaint. A-781. Defendants moved to dismiss the amended complaint under Rule 12(b)(6). Dist. Ct. ECF No. 56. But in dismissing the case with prejudice, the District Court credited the superseded complaint, rejecting allegations in the operative complaint where they contradicted the earlier version.

22

In a footnote, the court claimed that Rodriguez was not prejudiced by this move because "his interests [were] adequately represented" by the original plaintiffs when they filed the original complaint. SPA-14 n.5 (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846 (1999)). The court's citation to *Ortiz* was inapposite, however, and Rodriguez's interests were not adequately represented. *Ortiz*, in fact, counsels caution in determining that an absent party had its interests "adequately represented" by another. 527 U.S. at 846 (the "burden of justification rests on the exception" to the general principle that nonparties should not be bound by the litigation decisions of others). Here, the District Court simply asserted that the first-to-file plaintiffs adequately represented Rodriguez's interests, without any analysis explaining why that was so.

Rodriguez's interests were inadequately represented by the first-to-file plaintiffs because, crucially, the court never determined whether the plaintiffs who filed the original complaint met the PSLRA and Rule 23 requirements to represent a class on their own. The three original plaintiffs never sought to be named Lead Plaintiffs without Rodriguez, meaning the District Court never determined whether the three of them alone collectively met the requirements to represent a class. (Indeed, Rodriguez's claimed loss of over $220,000 (A-433), the largest among the named plaintiffs, would have made him the presumptive lead plaintiff under the PLSRA if he had sought sole appointment. 15 U.S.C § 78u-4(a)(3)(B)(iii)(I)(bb).)

23

Rather, two of the original plaintiffs joined Rodriguez and moved to be named Lead Plaintiffs together. The District Court determined that *as a group, including Rodriguez,* these three prospective Lead Plaintiffs met the PSLRA and Rule 23 requirements to jointly represent a class and granted the motion. The District Court's actions therefore prejudiced Rodriguez by binding him to the representations of plaintiffs that had not been ruled adequate representatives.

If the District Court's actions are condoned by this Court, future potential litigants in Rodriguez's shoes will be incentivized to "race to the courthouse" to ensure that they are not bound to another litigant's original complaint. This dynamic would undermine the central purpose of the PSLRA and the class action process by rewarding fast litigants over representative litigants.

It is possible that the District Court's "adequate representative" language rested on Rodriguez's decision to join forces with some of the existing plaintiffs rather than go it alone. This rationale, too, would box later-arrived plaintiffs into a needless dilemma: either they would have to file a competitive motion for appointment as lead plaintiff, or be bound by whatever was in the first-filed complaint. Where later-arriving plaintiffs (as here) make the judgment that the suit would best be prosecuted jointly, *and the court agrees,* they should not face a penalty for serving the class's interests. Such an approach would needlessly

multiply the number of contested motions and further incentivize a rush to the courthouse to avoid such a dilemma.

The rule endorsed by the District Court also threatens needless mischief in the broader class action context. The moment a class action has been filed, those who might otherwise join as additional named plaintiffs face the threat of being bound to allegations in pre-certification complaints in which they never participated. Some plaintiffs would respond by simply filing their own class actions elsewhere, leading to a proliferation of related claims that might otherwise be handled in one courthouse. Newly-added plaintiffs should at least have the option of amending complaints without being bound by earlier iterations.

> B. Crediting superseded complaints burdens plaintiffs by binding them to positions developed early in a case.

Even outside the class action context, binding plaintiffs to the first version of their complaint fails to account for the importance of evolving factual developments and refinements in legal analysis. Adjudications often become more accurate when additional information becomes available. This Court has recognized that reality by endorsing the doctrine of prudential ripeness, which advises courts against rendering decisions that "may later turn out to be unnecessary or may require premature examination of […] issues." *Simmonds v. I.N.S.*, 326 F.3d 351, 357 (2d Cir. 2003).

This doctrine acknowledges a core feature of litigation: the parties become better informed and develop new theories as the case proceeds. Binding all future plaintiffs to an initial complaint, drafted before discovery and often as the harm is ongoing, ignores the dynamic process by which litigation unfolds and, perversely, bars plaintiffs from making use of new information. Plaintiffs cannot be expected to present a perfect picture from the outset. And in cases that raise complex, unsettled questions of fact and law—such as the precise mechanisms by which cryptocurrency changes hands— such an approach is especially ill-advised.

IV. **THE DECISION TO DISMISS CANNOT BE DISENTANGLED FROM THE DISTRICT COURT'S IMPERMISSIBLE CONSIDERATION OF THE SUPERSEDED COMPLAINT.**

A. The trial court states in the opinion that the operative complaint's allegations would assist plaintiffs in pleading a claim, if credited.

The District Court granted defendant's motion to dismiss only because, having impermissibly considered allegations in the superseded complaint, the court failed to assume all factual allegations in the Amended Complaint as true. The District Court itself suggested that its analysis might have come out differently had it followed a different procedural path.

The District Court's dismissal of plaintiffs' securities claims with prejudice was based on their putative failure to plead facts supporting an inference that defendant Coinbase was a "statutory seller" for purposes of Section 12(a)(1) of the Securities Act. SPA-16. But as the District Court explicitly noted, the amended

complaint contained allegations (describing Coinbase's roles in the relevant transactions) that were "[r]elevant to this point." SPA-11, citing Amended Complaint ¶¶ 32, 34, 910, 936. The District Court then conceded that "[t]hese allegations would ordinarily assist plaintiffs in pleading [their] theory." SPA-12. But the district then refused to credit them with that legal effect because of contrary allegations in the original Complaint. SPA-12-16. Instead, citing other district courts but no apposite authority from this Court, the District Court claimed to be able to "disregard[] the amended pleading" and look directly to the superseded complaint. SPA-12, quoting *Wheeler*, 2019 WL 2994193 at *6 and collecting cases. As explained above, this was error.

Because the District Court felt empowered to "disregard" the operative complaint, its analysis failed to engage with the substance of the allegations actually before it. Instead, the Court adopted the version of events and legal theories that the original, un-appointed group of three plaintiffs articulated in their superseded version of the complaint. This error repeats itself throughout the district court's analysis, *see* SPA-12-17, and requires reversal.

> **B.** The District Court's discussion of the "User Agreement" cannot salvage its reasoning.

The District Court also grounds some of its analysis in a document outside either complaint, a December 2021 "User Agreement" (mistakenly referred to by the Court as the "December 2020" User Agreement, *see* App. Br. 36), in which

Defendant Coinbase disclaims a buyer-seller relationship with its users. But this deeply-flawed analysis is insufficient to salvage the District Court's reasoning.

The discussion of the "User Agreement" is fatally infected with the District Court's core error: consideration of the superseded complaint. The District Court contended that it was permitted to consider the User Agreement because it was incorporated by reference in the Complaint, and because plaintiffs "rel[ied] on the terms and effect of" the document "in drafting the Complaint." SPA-14, quoting *Chambers v. Time Warner, Inc*., 282 F.3d 147, 153 (2d Cir. 2002). But all of the District Court's reasoning on this point flowed from allegations and claims in the *superseded* complaint. *See* SPA-13-14. *See also* SPA-14 n.5 (acknowledging that the Amended Complaint contained no references to the document). None of the District Court's cited authority supports consideration of documents referenced or relied on in a superseded complaint.[7]

The only other filings in which Plaintiffs ever mentioned the User Agreement (besides their response to the Motion to Dismiss) were those connected to their motion for emergency relief. Dist Ct. ECF No. 25. The motion aimed to prevent Defendants from replacing the putative 2021 Agreement (whose validity Plaintiffs did not accept) with a newer one (also disputed) during the pendency of

---

[7] In contrast, *Time Warner* itself concerned documents that were "integral to the *Amended Complaint*" in that case. 282 F.3d at 153 (emphasis added).

the litigation. *See Id.* at n. 1 ("For avoidance of doubt, Plaintiffs do not concede that the current version or any prior version is enforceable or was validly entered into by Plaintiffs or the putative Class."). The District Court therefore had no basis to claim that the motion relied on any such agreement. Indeed, in disposing of the motion via an agreed Stipulation and Order, the Court acknowledged that "[t]he Parties reserve all rights with respect to the versions of the Coinbase, Inc. User Agreements […] including but not limited to the enforceability and applicability of any such agreements." A-734.

But even assuming *arguendo* that the Court could take note of the User Agreement's existence, concluding that the Agreement was somehow enforceable or binding on the plaintiffs is a different matter altogether, one wholly unsuited to a 12(b)(6) ruling. Plaintiffs neither alleged anything about the User Agreement in their operative complaint nor accepted it as enforceable. Where a document of contested validity authored by the Defendants advanced one account of the parties' relationship, and the Amended Complaint (relying in no way on that document) advanced another, the Court improperly accepted Defendants' version as conclusive. This was fact-finding, plain and simple, and was not appropriate at the 12(b)(6) stage or before an opportunity for discovery.

## <u>CONCLUSION</u>

For the foregoing reasons, *amici* ask the Court to reverse the judgment of the

District Court.

Respectfully submitted,

<u>s/Andrew Miller</u>

Andrew Miller
Daniel Markovits
Nathan Brown*
Adam Flaherty*
Noah Hoffman*
Arun Sharma*
Private Law Clinic
Yale Law School[8]
127 Wall Street
New Haven, Connecticut 06511
(203) 432-4992

*Attorneys for Amici Curiae*
*\*Motion for law student appearance pending*

---

[8] This brief does not purport to state the views of Yale Law School, if any.

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 29(b)(4) because it contains 6,923 words, calculating by the word processing system used in its preparation, including footnotes and excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally-spaced typeface using Microsoft Word for Mac in Times New Roman 14-point font.

Dated:      June 1, 2023

<u>/s/ Andrew Miller</u>
Attorney for *Amici Curiae*

# APPENDIX A[*]

Adam Steinman
Robert W. Hodgkins Endowed Chairholder in Law
University of Alabama School of Law

Erwin Chemerinsky
Dean
Jesse H. Choper Distinguished Professor of Law
UC Berkeley School of Law

Myriam Gilles
Paul R. Verkuil Research Chair and Professor of Law
Benjamin N. Cardozo School of Law

Daniel Wilf-Townsend
Associate Professor of Law
Georgetown University Law Center

---

[*] *Amici curiae* appear in their individual capacities; institutional affiliations are provided here for identification purposes only.